**PELTON GRAHAM LLC**
Brent E. Pelton
Taylor B. Graham
Alison L. Mangiatordi
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN HUERTA, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>-against-<br><br><br>NEW ROCHELLE HOTEL ASSOCIATES LLC d/b/a RADISSON HOTEL NEW ROCHELLE and COLBY BROCK, Jointly and Severally,<br><br>          Defendants. | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

       Plaintiff John Huerta ("Huerta" or the "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself upon information and belief as to other matters, alleges as follows:

### INTRODUCTION

       1.     Defendants own and operate a popular hotel doing business under the trade name "Radisson Hotel New Rochelle" located in New Rochelle, Westchester County, New York.

       2.     Plaintiff is a server at Defendants' hotel, who is only paid certain tips/gratuities for his work with no hourly wage. As such, throughout the relevant time period, Plaintiff and similarly situated non-management employees have not been compensated at minimum wage for all hours

worked and were not paid all earned tips/gratuities. In addition, Defendants failed to pay Plaintiff and similarly situated employees spread-of-hours pay for shifts worked in excess of ten (10) hours in a day, and failed to provide Plaintiff and similarly situated employees with wage notices and accurate wage statements.

3.      Plaintiff brings this action to recover minimum wages owed to him pursuant to both the Fair Labor Standards Act ("FSLA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for unlawful misappropriation of gratuities, for unpaid spread-of-hours premiums, and for failure to provide wage notices and accurate wage statements pursuant to Article 6 of the NYLL §§ 190 *et seq.* and the supporting regulations.

4.      Plaintiff brings his FLSA claims on behalf of himself and all other similarly employees who worked for Defendants, and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants at the Radisson Hotel New Rochelle.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district and Defendants' business is located in this district.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

8.      Plaintiff John Huerta, has been at relevant times, an adult individual residing in White Plains, New York.

9.      Throughout the relevant time period, Plaintiff performed work for Defendants at Radisson Hotel New Rochelle, located at 1 Radisson Plaza, New Rochelle, NY 10801.

10.      Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and his written consent form is attached hereto and incorporated by reference.

**Defendants:**

11.      New Rochelle Hotel Associates LLC d/b/a Radisson Hotel New Rochelle ("Radisson" or "Corporate Defendant") is an active New York Corporation with its principal place of business at One Radisson Plaza, New Rochelle, New York 10801.

12.      Upon information and belief, Colby Brock ("Brock" or the "Individual Defendant" and, together with the Corporate Defendant, the "Defendants") is an owner, officer, and/or manager of the Corporate Defendant, who sets the Corporate Defendant's payroll policies including the unlawful practices complained of herein.

13.      Upon information and belief, Brock is the General Manager and operator of the Corporate Defendant who is in charge of supervising employees, hiring and firing employees, setting schedules and wage rates, and determining the Defendants' policies with respect to payroll and gratuities.

14.      The Individual Defendant participated in the day-to-day operations of Radisson, and acted intentionally and maliciously in its direction and control of Plaintiff and the Defendants' other similarly situated employees and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d)

and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendant.

15.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

16.     At all relevant times, Plaintiff, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

17.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

18.     All actions and omissions described in this complaint were made by Defendants directly or through their supervisory employees and agents

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Pursuant to 29 U.S.C. § 207, Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and a the following collective:

> All persons employed by Defendants at any time since January 5, 2015 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees (the "Collective Action Members")

20.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay minimum wage.  As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required minimum wage payments for the hours that they worked for Defendants.

21.     Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## NEW YORK CLASS ACTION ALLEGATIONS

22.     Pursuant to the NYLL, Plaintiff brings his Second through Sixth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants at any time since January 5, 2012 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees at Radisson Hotel New Rochelle.

23.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

24.     The Class Members are so numerous that joinder of all members is impracticable.

25.     Upon information and belief, there are at least forty (40) Class Members.

26.     Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class Members. Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include:

> a.     whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;
>
> b.     whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;
>
> c.     whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wages for all hours worked;
>
> d.     whether Defendants failed and/or refused to pay Plaintiff and the Class Members all tips/gratuities left for them by Defendants' customers;

e. whether Defendants failed and/or refused to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of then (10) hours or split shifts;

f. whether Defendants failed to provide accurate wage notice to Plaintiff and Class Members at the beginning of his employment and/or on February 1 of each year as required by the NYLL;

g. whether Defendants failed to provide accurate wage statements to Plaintiff and Class Members with each payment of wages as required by the NYLL;

h. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

i. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

27. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, was a hotel employee who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, paid based on the tips/gratuities collected by Defendants with no minimum wages for all hours worked, was not paid spread-of-hour premiums for shifts lasting ten (10) or more hours, and did not receive a wage notice or accurate wage statements. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

28. Plaintiff and his Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

29.     Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

30.     <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

31.     Defendants are sophisticated parties with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

32.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

<u>**STATEMENT OF FACTS**</u>

**Defendants' Radisson Hotel**

33.     At all relevant times, Defendants have been in the hotel and hospitality business.

34.     Upon information and belief, during the relevant time period, Peter Brock, the Individual Defendants' father, owned the Radisson Hotel located at 1 Radisson Plaza, New Rochelle, NY 10801.

35.     Since in or around 2013, the Individual Defendant has been the General Manager of Radisson.

36.     Upon information and belief, the Individual Defendant is a manager and operator of the Corporate Defendant, who, in conjunction with and through direction from Peter Brock, sets the Corporate Defendant's payroll policies including the unlawful practices complained of herein.

37.     Upon information and belief, Defendants applied the same employment policies,

practices and procedures, including the unlawful policies complained of herein, to all non-management employees.

**Plaintiff's Work for Defendants**

38.     Plaintiff Huerta has worked as a server for banquets and events at Radisson from in or around October 2016 to the present (the "Huerta Employment Period").

39.     From the beginning of the Huerta Employment Period through in or around June 2017, Huerta was typically scheduled to work approximately three (3) weekends per month, Fridays, Saturdays and Sundays, from around four o'clock in the afternoon (4:00 pm) to around one o'clock in the morning (1:00 am), for a total of approximately twenty-seven (27) hours per week.

40.     From in or around the fall of 2017 to the present, Plaintiff has not been scheduled to work because it is the slow season.

41.     Plaintiff has never been paid any base wage for his work.

42.     Upon information and belief, no other waiters, bussers, runners, bartenders or other tipped employees are paid any base wage for their work for Defendants.

43.     Approximately seven to eight (7-8) times throughout his employment, Plaintiff was scheduled to start working at approximately three o'clock in the afternoon (3:00 pm) and worked until in or around two o'clock in the morning (2:00 am), for an eleven (11) hour shift.

44.     Plaintiff was not paid any base wage for these lengthy shifts, let alone paid an extra hour at minimum wage when he worked shifts or split-shifts in excess of ten (10) hours.

45.     For his work, throughout the Huerta Employment Period, Defendants paid Plaintiff approximately fourteen to fifteen percent (14-15 %) of the tips earned by him and his fellow tipped employees for the banquet or event that they worked. It is Huerta's understanding that this is based

on a tip-pool where the tips/gratuities are shared among the workers for the event.

46.     With his tip/gratuity payment, which was paid by check, Plaintiff never received a statement or breakdown of his hours worked or his hourly rate(s) for the pay period.

47.     Plaintiff was scheduled to work an event on December 31, 2016 for a New Year's party from around five o'clock in the afternoon (5:00 pm) to around two o'clock in the morning (2:00 am) for a total of approximately nine (9) hours, for which his manager "Debra" told him he earned three-hundred dollars ($300.00) in tips at the end of the event; however, Defendants did not pay Plaintiff his tips until in or around January 18, 2017, and only paid him approximately one-hundred seventy-eight ($178.00 dollars) of his earned tips for working that event.

48.     Defendants' manager, "Debra" told Plaintiff that Radisson used the tip money from the New Year's event to cover business expenses, which is why the tip payment was late and in an amount less than what he had earned in tips for that day.

49.     Throughout the relevant time period, Plaintiff was never provided with a wage notice on his date of hire and/or February 1 each year.

50.     While Plaintiff typically earned gratuities each shift, he was not always paid all of his earned credit card gratuities. Defendants' failure to pay all credit card gratuities to Plaintiff was a policy that applied to all of Defendants' tipped employees throughout the relevant period.

51.     Plaintiff and the Collective Action Members/Class Members were all paid pursuant to the same policies of Defendants that applied to their tipped employees, including: failing to pay minimum wage for all hours worked; withholding gratuities; failing to pay spread-of-hours premiums; failing to provide accurate wage statements; and failing to provide wage notices.

**Defendants' Unlawful Corporate Policies**

52.     Upon information and belief, throughout the Class Period, Defendants have employed other individuals who worked as waiters, bartenders, bussers, runners, and other tipped employees who Defendants improperly denied minimum wage compensation.  Such individuals were also not paid spread-of hours pay when working split shifts or over ten (10) hours per day and were not reimbursed for maintaining their uniforms.  Further, the Defendants illegally retained some of the credit card gratuities left by customers of Radisson and failed to provide wage notices and accurate wage statements to Class Members.

53.     Upon information and belief, Defendants' kitchen employees were required to use two (2) punch cards to record their hours of work each week, with the first card used for hours up to forty (40) and the second card for hours above 40.  Defendants paid the kitchen employees by separate checks at straight-time rates for each punch card to avoid payment of overtime premiums for hours worked over forty (40) in a given workweek.

54.     Defendants did not require Plaintiff or the tipped employees to clock in or out when they worked because they were not paid by the hour.  Accordingly, upon information and belief, Defendants do not maintain accurate records of the hours that the tipped employees worked each shift.

55.     Plaintiff's work was performed in the normal course of Defendants' business and was integrated into Defendants' business.

56.     As stated, the exact number of such similarly situated individuals is presently unknown but is believed to be well in excess of forty (40) individuals and can be ascertained through appropriate discovery.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGES**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

57.     Plaintiff, on behalf of himself and the Collective Action Members, repeats, realleges and incorporates by reference each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58.      By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq*., including 29 U.S.C. §§ 206 and 215(a)(2).

59.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

60.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon.  Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGES**
**(Brought on Behalf of Plaintiff and the Class Members)**

61.     Plaintiff, on behalf of himself and the Class Members, repeats, realleges and incorporates by reference each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked in violation of the NYLL and regulations promulgated thereunder.

63.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  By failing to pay Plaintiff and the Class Members for all hours worked and failing to notify Plaintiff and the Class Members that they were relying on the tip credit in calculating employees' hourly rates, Defendants lose the ability to utilize a tip credit against the FLSA's minimum wage. Therefore, Plaintiff and the Class Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – UNLAWFUL WITHOLDING OF GRATUITIES
### (Brought on Behalf of Plaintiff and the Class Members)

64.     Plaintiff, on behalf of himself and the Class Members, repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65.     Defendants have failed to compensate Plaintiff and the Class Members for all gratuities earned by withholding gratuities left by patrons for Plaintiff and the Class, in violation of § 196-d of the NYLL.  Accordingly, Defendants are now required to compensate Plaintiff and the Class Members for all gratuities wrongfully withheld by Defendants.

66.     The Defendants' NYLL violations have caused Plaintiff and the Class Members irreparable harm for which there is no adequate remedy at law.

67.     Due to the Defendants' NYLL violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid gratuities, damages for unreasonably delayed payment of wages, liquidated/punitive damages, pre-and post-judgment interest, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(1) *et al* and § 196-d.

## FOURTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW –FAILURE TO PROVIDE WAGE NOTICES</u>
### (Brought on Behalf of Plaintiff and the Class Members)

68.     Plaintiff, on behalf of himself and the Class Members, repeats, realleges and incorporates by reference each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

70.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, § 198(1-b)., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW-UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought on Behalf of Plaintiff and the Class Members)**

71.    Plaintiff, on behalf of himself and the Class Members, repeats, realleges, and incorporates by reference each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72.    Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

73.    Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiff and the Class Members)**

74.    Plaintiff, on behalf of himself and the Class Members, repeats, realleges, and incorporates by reference each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

75.    Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

76.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.      Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c.      An order tolling the statute of limitations;

d.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.    An award of damages arising out of the non-payment of minimum wages;

g.    An award of liquidated damages arising out of the non-payment of minimum wages;

h.    An award of damages arising out of the non-payment of gratuities;

i.    An award of liquidated damages arising out of the non-payment of gratuities;

j.    An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1), pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL § 198(1)-b;

k.    An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3) pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

l.    An award of prejudgment and post-judgment interest;

m.    An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

n.      Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.


Dated: New York, New York
       January 5, 2018


                            Respectfully submitted,

                            **PELTON GRAHAM LLC**


                            By: _____
                            Brent E. Pelton (BP 1055)
                            Taylor Graham (TG 9607)
                            Alison L. Mangiatordi (AL 4955)
                            111 Broadway, Suite 1503
                            New York, New York 10006
                            Telephone: (212) 385-9700
                            Facsimile: (212) 385-0800

                            *Attorneys for Plaintiff and the putative collective
                            and class*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Radisson Hotel y/o New Rochelle Hotel Associates y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

_____
John HUERTA
Nombre Escrito